AB:MWG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

DWAYNE PIERRE,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

COMPLAINT

20-MJ-29

(21 U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

RENEE TUINSTRA, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about January 8, 2020, within the Eastern District of New York and elsewhere, the defendant DWAYNE PIERRE, together with others, did knowingly and intentionally conspire to possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. § 841(b)(1)(B)(ii). The amount of the cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 500 grams or more of a substance containing cocaine.

(Title 21, United States Code, Section 846)

2

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.      I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving narcotics smuggling and distribution.   I am familiar with the facts and circumstances set forth below from personal knowledge, my participation in the investigation, my review of the investigative file and from reports of other law enforcement officers involved in the investigation.

2.      On or about January 8, 2020, an individual ("Individual-1") arrived at John F. Kennedy International Airport located in Queens, New York, aboard Caribbean Airlines Flight 520 from Port of Spain, Trinidad and Tobago.

3.      After Individual-1 disembarked from the flight, Customs and Border Protection Officers ("CBP") officers selected Individual-1 for random screening and searched Individual-1's luggage.   Individual-1 was in possession of two older suitcases and one brown suitcase that appeared to be new.   CBP officers observed that the new, brown suitcase was unusually heavy and emitted a chemical odor.   CBP officers opened the new, brown suitcase and found traditional Trinidadian food items and no clothing inside it.   CBP officers emptied the suitcase and determined that the suitcase remained unusually heavy. CBP officers then probed the interior lining of the suitcase and discovered a white powdery substance inside the lining.   Upon further inspection, CBP officers discovered inside the

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

lining of the suitcase a flat package containing a white powdery substance tightly wrapped in plastic.

4.      The gross weight of the flat package seized from Individual-1's suitcase was 2,148 grams.

5.      CBP officers conducted a field test of the white powdery substance seized from Individual-1's suitcase, which revealed the presence of cocaine.   CBP separately conducted a test of the same substance using the Thermo Scientific Gemini Analyzer, which also revealed the presence of cocaine.

6.      Individual-1 was detained and advised of her <u>Miranda</u> rights. Individual-1 waived her <u>Miranda</u> rights and agreed to speak with law enforcement. Individual-1 stated, in sum and substance, that she had been in Trinidad and Tobago for approximately two weeks to visit her mother, and that her friend ("Co-Conspirator-1") had given her the above-referenced brown suitcase to bring to his relative in New York. Individual-1 further stated, in sum and substance, that Co-Conspirator-1 had told her that the suitcase contained Trinidadian food items, and that she had opened the suitcase for herself and had observed only food items inside it.   Individual-1 further stated, in sum and substance, that Co-Conspirator-1 had instructed her to call him when she arrived in New York, and that someone would then call her to arrange delivery of the suitcase to his relative.

7.      At the direction of HSI agents, Individual-1 called Co-Conspirator-1 and told him that she had arrived in New York.

8.      Shortly thereafter, Individual-1 received a telephone call from 646-752-9824 (the "9824 Number").   The call was recorded by HSI agents with Individual-1's consent.   During the telephone call, an unknown male voice spoke to Individual-1 about

delivery of the suitcase.   Individual-1 and the unknown male agreed to meet at a certain McDonald's restaurant in Flatbush, Brooklyn.

9.      Individual-1 traveled to the McDonald's and waited inside with the above-referenced brown suitcase.   HSI agents positioned themselves nearby to observe the delivery.

10.     On or about January 8, 2020, at approximately 4:20 p.m., the defendant DWAYNE PIERRE entered the McDonald's restaurant and immediately approached Individual-1.   PIERRE handed Individual-1 approximately $2,000 in cash, took the suitcase and left the restaurant.

11.     HSI agents arrested PIERRE outside the restaurant.   HSI agents searched PIERRE incident to arrest and found a cellular telephone on his person.   HSI agents called the 9824 Number and observed that the cellular telephone seized from PIERRE's person was ringing.

12.     HSI agents brought PIERRE back to an HSI office to interview him. As HSI were explaining to PIERRE that they were going to advise him of his rights, but before HSI agents had actually advised PIERRE of his Miranda rights, PIERRE stated, in

sum and substance, that he had a family, and that they were going to kill his family.   HSI

agents then advised PIERRE of his <u>Miranda</u> rights, and PIERRE invoked his right to counsel.

WHEREFORE, your deponent respectfully requests that the defendant

DWAYNE PIERRE be dealt with according to law.

RENEE TUINSTRA
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
9th day of January, 2020

S/Bulsara

THE HONORABLE
UNITED STATES M
EASTERN DISTRIC